George R. Hirsch (GH 8284)
BRESSLER, AMERY & ROSS, P.C.
P.O. Box 1980
Morristown, New Jersey 07962
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200

*Attorneys for Defendants Winchester Global
Trust Company Limited, the Tax Lien Trust and RTL International Limited*

Adam S. Hakki (AH 3561)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022-6069
(212) 848-4000

*Of Counsel*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
YOUNGBLOOD, CORCORAN, LAFFERTY,           :
HYBERG & WALDMAN, P.A.,                   :     Civil Action No. 05-cv-2785
                                          :
                 Plaintiff,               :
                                          :     **ANSWER**
        - against -                       :
                                          :
WINCHESTER GLOBAL TRUST COMPANY,          :
TAX LIEN TRUST, RTL and JOHN DOE          :
COMPANIES (1-5),                          :
                                          :
                 Defendants.              :
---------------------------------------------------------------x

Defendants Winchester Global Trust Company Limited ("Winchester"), the Tax Lien Trust (the "TL Trust") and RTL International Limited (RTL) (together, the "Answering Defendants") hereby answer the complaint and state as follows:

1. Answering Defendants admit the allegations set forth in paragraph 1 of the complaint.

2.       Answering Defendants admit that Winchester is a trust company organized under the laws of Bermuda.

3.       Answering Defendants deny, upon information and belief, the allegations set forth in paragraph 3 of the complaint and state that paragraph 3 sets forth legal conclusions to which no response is required.

4.       Answering Defendants deny knowledge or information as to the truth of the allegations set forth in paragraph 4 of the complaint, and those allegations are therefore denied. Answering Defendants state further that paragraph 4 sets forth legal conclusions to which no response is required.

5.       Answering Defendants deny, upon information and belief, the allegations set forth in paragraph 5 of the complaint, except that they admit that plaintiff appears to have provided legal services to the Tax Lien Service Corporation and/or RTL Partners, L.P.

6.       Answering Defendants deny, upon information and belief, the allegations set forth in paragraph 6 of the complaint, except admit that other entities, the Tax Lien Service Corporation and/or RTL Partners, L.P., appear to have formed an attorney-client relationship with plaintiff on terms provided for in letters of engagement and subject to the requirements of law.

7.       Answering Defendants deny, upon information and belief, that they requested or required any services from plaintiff, admit that the Tax Lien Service Corporation and/or RTL Partners, L.P. appear to have requested or required services from plaintiff, and deny knowledge or information as to the truth of the remaining allegations in paragraph 7, and those allegations are therefore denied.

8.       Answering Defendants deny, upon information and belief, that services were rendered to them and deny knowledge or information as to the truth of the remaining allegations in paragraph 8, and those allegations are therefore denied.

9. Answering Defendants deny, upon information and belief, that services were rendered to them and deny knowledge or information as to the truth of the remaining allegations in paragraph 9, except admit that a bill for purported legal services may have been tendered in December 2004.

10. Answering Defendants admit that plaintiff has demanded payment and deny, upon information and belief, the remaining allegations set forth in paragraph 10.

11. Answering Defendants admit the allegations set forth in paragraph 11.

12. Answering Defendants admit the allegations set forth in paragraph 12.

WHEREFORE, Answering Defendants state that plaintiff is not entitled to the relief sought and pray that they be awarded costs upon dismissal of this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Upon information and belief, Answering Defendants did not have an attorney-client or contractual relationship with plaintiff, and plaintiff did not perform services for Answering Defendants.

### Third Affirmative Defense

Plaintiff's claims are barred by the statute of limitations and, upon information and belief, also are barred by the doctrines of estoppel, waiver, and acquiescence.

### Third Affirmative Defense

The complaint fails to join necessary and indispensable parties.

### Fourth Affirmative Defense

Answering Defendants were not properly served with process.

<u>Fifth Affirmative Defense</u>

Answering Defendants are not subject to the Court's personal jurisdiction in this action.

<u>Sixth Affirmative Defense</u>

If any fees or expenses incurred by plaintiff were unreasonable, excessive, or for unauthorized work, no such fee or expense would be payable by any party.

The inclusion of a defense among the above-listed defenses is not an admission that Answering Defendants bear the burden of proof or persuasion in any claim or issue.

Dated: August 5, 2005

BRESSLER, AMERY & ROSS, P.C.

By:   /s/ George R. Hirsch
George R. Hirsch (GH 8284)
P.O. Box 1980
Morristown, New Jersey 07962
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200

*Attorneys for Defendants Winchester Global Trust Company Limited, the Tax Lien Trust and RTL International Limited*

Adam S. Hakki (AH 3561)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022-6069
(212) 848-4000

*Of Counsel*